(102 App. Div. 67.)

## FRANKE v. HAVENS.

(Supreme Court, Appellate Division, Fourth Department. March 1, 1905.)

1. ATTACHMENT—AFFIDAVITS—SUFFICIENCY.

Affidavits averring that defendant had stated that he was going to leave his home, in the state, and that he was packing his household goods and was about to go to various places outside of the state, are insufficient on which to base a warrant of attachment, under Code Civ. Proc. § 2906, subd. 2, providing that, to entitle plaintiff to a warrant of attachment, he must show that defendant had departed or is about to depart from the county where he last resided, with intent to defraud his creditors or to avoid service, or that he has removed or is about to remove property from the county, with intent to defraud his creditors.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attachment, § 80.]

2. SAME — DISSOLUTION OF ATTACHMENT — INSUFFICIENCY OF AFFIDAVIT — WAIVER.

Where a defendant not personally served with summons appeared generally in the action on the return day, and subsequently asked leave to withdraw his general appearance, to make a motion to vacate the warrant of attachment granted in the cause, the right to have the attachment vacated because granted on insufficient proof was not waived; Code Civ. Proc. § 2916, declaring that a defendant whose property has been attached may, on the return of the summons, move to vacate it, basing the motion on the papers on which the warrant was issued, and authorizing the justice, on the return of the summons or at any other time, to vacate it on his own motion.

Williams, J., dissenting.

Appeal from Municipal Court of Buffalo.

Action by Edward S. Franke against Ezra C. Havens. From a judgment refusing to vacate a warrant of attachment, defendant appeals. Reversed.

The action was commenced in the Municipal Court of the city of Buffalo on the 10th day of June, 1904. On that day a warrant of attachment was issued by a judge of said court, which upon the same day was executed by a constable to whom it was delivered, by levying upon certain personal property belonging to the defendant, consisting of money, cigars, fixtures, and appliances in and used in connection with a barber shop being run by said defendant. The summons was made returnable on the 17th day of June, 1904, at which date both parties appeared—the defendant appearing generally by counsel—and the case was adjourned until the 7th day of July, 1904, at which time the defendant asked for leave to withdraw his general appearance, and for leave to appear specially and make a motion to vacate the attachment. The motion to withdraw the general appearance was denied, and the trial then proceeded; and after hearing all the evidence the judge determined that the defendant was indebted to the plaintiff in the sum of $12.32, and rendered judgment against the defendant for that amount, besides $2.95 costs, and denied the defendant's motion to vacate the warrant

of attachment. The defendant practically concedes that he was indebted to the plaintiff in the amount for which judgment was rendered against him, and only appeals from that part of the judgment which refuses to vacate the warrant of attachment.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Charles Newton, for appellant.

Harry L. Marshall, for respondent.

McLENNAN, P. J. The affidavits wholly fail to state facts sufficient to give the judge jurisdiction to issue the warrant of attachment. Subdivision 2 of section 2906 of the Code of Civil Procedure provides that, in order to entitle the plaintiff to a warrant of attachment, he must show by affidavit—

"If the defendant is a natural person and a resident of the state, that he has departed or is about to depart from the county where he last resided with intent to defraud his creditors or to avoid the service of a summons, or keeps himself concealed with like intent; or * * * that he * * * has removed or is about to remove property from the county where the defendant being a natural person last resided, * * * or from the county in which the action is brought, with intent to defraud his or its creditors or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete property with like intent."

The affidavits upon which the warrant of attachment was granted wholly fail to establish any such facts. The first affidavit (that of Robert McDonald) simply states that the defendant told the affiant that he (the defendant) was going to leave Buffalo, and going to St. Louis, and that the defendant had left Buffalo. The next affidavit (that of Arthur McDonald) simply states that the defendant told the affiant that he was packing his household goods, and was about to leave Buffalo; that he was going to Baltimore, and then possibly to Atlantic City. The third affidavit (that of John F. Fay) shows that the affiant went to the defendant's place, and was informed by an employé that he had gone to Baltimore, and from there was going to Washington, and then to St. Louis. There is not a word in any of the affidavits to indicate that the departure from Buffalo by the defendant was not temporary, made in the regular course of business or for pleasure. There is no suggestion in the affidavits that the defendant left Buffalo with intent to defraud his creditors, for the purpose of avoiding service of process, or to remove his property beyond the jurisdiction of the court.

We think it must follow, as matter of law, that the judge of the Municipal Court had no jurisdiction to issue the warrant of attachment in question. The defendant was indebted to the plaintiff for a small amount, and the plaintiff had the legal right to bring an action in the Municipal Court to recover such amount. Being thus concededly indebted, the defendant properly appeared generally in the case, and thus gave the judge jurisdiction of the action, although personal service of the summons upon him had not been made. Such appearance was made by the defendant on the return day of the summons, and the case was adjourned to a subsequent day, to wit, the 7th day of July, 1904, at which time the de-

fendant asked leave to withdraw his general appearance, and for leave to appear specially to make a motion to vacate the attachment. The motion to withdraw the general appearance was denied, and the case was adjourned from time to time until the 25th day of July, 1904, at which time the parties again appeared, and the defendant made a motion to dismiss the attachment, which was denied. The case was further adjourned until the 26th day of July, 1904, at which time proofs were heard and judgment rendered as above stated.

We think the motion to vacate the attachment was seasonably and properly made. Section 2916 of the Code of Civil Procedure provides:

"A defendant whose property has been attached, may upon the return of the summons apply to the justice who issued the warrant of attachment to vacate or modify it or to increase the plaintiff's security. Such an application may be founded upon the papers upon which the warrant was granted. * * * The justice may, upon the return of the summons or at any other time to which the action is adjourned, vacate the warrant of attachment upon his own motion if he deems the papers upon which it was granted insufficient to authorize it."

Section 2917 provides:

"Vacating the warrant of attachment does not affect the jurisdiction of the justice to hear and determine the action where the defendant has appeared generally in the action."

It would seem that the defendant proceeded in accordance with these provisions of the Code. Although not personally served with the summons he appeared generally in the action, which gave the justice jurisdiction; and he moved to vacate the attachment, which, as we have seen, the justice had no jurisdiction to grant. In view of the provisions of section 2916, we think it cannot be held that the defendant had waived his right to have the warrant of attachment vacated because he failed to move upon the day when the summons was returnable. It was the duty of the judge to have granted such motion whenever made, or, upon his own motion, when his attention was called to the fact that the affidavits upon which it was granted did not state facts sufficient to give him jurisdiction to grant the same.

We think the affidavit of Henry L. Marshall, which appears in the printed record, to the effect that there were negotiations in respect to adjusting the suit, and that the defendant agreed to pay a certain amount upon the indebtedness upon condition that the goods attached should be released, and that the goods were released by reason of said agreement, has no bearing or effect upon this controversy. Such affidavit, so far as appears by the return of the Municipal Court, was not presented to the court, and was not considered upon the determination of the motion to vacate the attachment.

We conclude that the judgment, in so far as it refuses to vacate the warrant of attachment which was levied upon the goods and chattels of the defendant, should be reversed, and that the warrant of attachment should be vacated, with costs of this appeal.

Judgment reversed in so far as it refuses to vacate the warrant of attachment issued by the judge of the Municipal Court, and said warrant is vacated and set aside, with costs of this appeal to the appellant. All concur, except WILLIAMS, J., who dissents, and STOVER, J., not voting.